13-1817
Zheng v. Lynch

BIA
A098 255 772

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand sixteen.

PRESENT:
            RALPH K. WINTER,
            GUIDO CALABRESI,
            DENNY CHIN,
                  *Circuit Judges.*

_____

ER BIAO ZHENG, AKA TAKAHILO HANYU,
            *Petitioner,*

            v.                                          13-1817
                                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
            *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, Yerman & Associates, LLC, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Jesi J. Carlson, Senior Litigation Counsel; Joseph A.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Loretta E. Lynch is substituted for Eric H. Holder, Jr. as Respondent.

O'Connell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Er Biao Zheng, a native and citizen of the People's Republic of China, seeks review of an April 16, 2013, decision of the BIA denying his motion to reopen. *In re Er Biao Zheng,* No. A098 255 772 (B.I.A. Apr. 16, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). It is undisputed that Zheng's motion was untimely because it was filed over four years after the agency's final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). However, the time limit can be waived if the motion is "based on changed country conditions arising in the country of nationality or the

country to which removal has been ordered." 8 U.S.C. § 1229a(c)(7)(C)(ii).

We find no error in the BIA's determination that Zheng failed to demonstrate a material change in conditions in China. As an initial matter, Zheng's argument that the BIA failed to consider the country reports in their entirety is misplaced. Contrary to Zheng's assertion, the BIA acknowledged that church members, and not just leaders, have been harassed by Chinese officials.

However, that finding is not determinative. Zheng fails to identify a change in conditions between the time of his hearing and the filing of his motion to reopen, which is the showing required to excuse the untimely filing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). Although the BIA did not parse the earlier reports, it did cite *S-Y-G-*. Accordingly, and because the country conditions evidence supports the BIA's decision, we presume that the BIA considered the evidence. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

A comparison of the 2005 and 2010 country reports supports the BIA's determination that there was no material change in conditions in China. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157 (2d Cir. 2008) ("[W]e will not disturb a factual finding if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole" (internal quotation marks omitted)). Reports from both years show that church leaders and members were subjected to harassment, arrest, and detention as a result of their religious activities. Thus, rather than showing a material change in conditions, these reports show a continuation of the same conditions. While Zheng's brief cites the 2012 U.S. Commission Report on International Religious Freedom for the proposition that restrictions placed on Protestant house churches were "systematic and intense," the same report also states that religious communities continue to grow and hundreds of millions of believers practice their faiths openly in China. Thus, the report does not undermine the BIA's conclusion.

Because Zheng's failure to establish a material change in country conditions is dispositive, we do not reach his arguments regarding his prima facie eligibility for asylum. *See INS v.*

4

*Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal of this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk